| | |
|---|---|
| **JOSÉ A. RAMOS RAMOS; ORLANDO MÉNDEZ LÓPEZ**, individually and as representatives of the requested classes,<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**JORGE HADDOCK**, in his official capacity as President of the University of Puerto Rico; **SINDICATO DE TRABAJADORES DE LA UNIVERSIDAD DE PUERTO RICO**,<br><br>**Defendants.** | **CIVIL NO. 20-01232**<br><br><br>**Constitutional Violation Action (42 U.S.C. § 1983), Declaratory Judgment, Injunctive Relief, Compensatory and Nominal Damages, Supplemental Jurisdiction for Breach of Contract and Puerto Rico Statutory Violation.** |

## CLASS ACTION COMPLAINT

**TO THE HONORABLE COURT:**

Plaintiffs José A. Ramos Ramos ("Ramos") and Orlando Méndez López ("Méndez") (collectively, "Plaintiffs"), hereby file this Class Action Complaint for compensatory and nominal damages, declaratory and injunctive relief, and for breach of contract against Sindicato de Trabajadores de la Universidad de Puerto Rico ("the Union") and Jorge Haddock, in his official capacity as President of the University of Puerto Rico ("UPR") (collectively, "Defendants").

## INTRODUCTION

1.     Plaintiffs bring this civil rights action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("Section 1983") for declaratory, permanent injunctive, and monetary relief to redress and prevent deprivation under color of state law of Plaintiffs' rights, privileges, and immunities against compelled speech and association under the First and Fourteenth Amendments to the United States Constitution. Specifically, UPR and the Union, acting in concert as state actors

and under color of state law, forced Plaintiffs to become and remain members of a labor organization as a condition of employment and seized union dues from Plaintiffs' wages, forcing them to financially support the Union despite their resignation from union membership and objections to dues deductions.

2. On June 27, 2018, the Supreme Court held it unconstitutional for public-sector unions and employers to collect/deduct union dues or fees from public employees without their affirmative consent and knowing waiver of their First Amendment rights. *Janus v. AFSCME, Council* 31, 138 S.Ct. 2448, 2486 (2018).

3. Ramos and Méndez are employed as maintenance workers by UPR, which is the main public university system in Puerto Rico.

4. Ramos and Méndez are employed in a bargaining unit exclusively represented by the Union.

5. Defendants maintain and enforce policies, including the dues deduction and maintenance of membership requirements of the existing collective bargaining agreement ("CBA") between the Union and UPR. Under these policies, UPR deducts and the Union collects dues from the wages of public employees, even from those who have notified the Union of their resignation from union membership and non-consent to deductions. UPR and the Union also require bargaining unit employees to become full-fledged members of the Union as a condition of employment.

6. After being notified of Plaintiffs' written demands to have dues deductions ceased, UPR and the Union nonetheless continued to deduct and collect dues from their wages, in furtherance of dues deduction and maintenance of membership requirements found in the CBA.

7. The Union and UPR violate the First Amendment rights of Ramos, Méndez, and of

the proposed class of public sector employees by deducting and collecting money from their wages without their voluntary, intelligent and knowing consent, thereby severely restricting the exercise of their First Amendment right under *Janus* not to subsidize a labor union.

8. Ramos and Méndez bring this civil rights action, pursuant to 42 U.S.C. § 1983, on behalf of themselves and all other similarly situated employees, seeking: (a) a judgment declaring that the policy of requiring union membership from employees who do not consent to such membership or who notify the union that they no longer consent to being members of the Union, as a condition of employment, is unconstitutional and unenforceable; (b) a judgment declaring that the policy of deducting union dues, as a condition of employment, without the employees' affirmative consent and knowing waiver of First Amendment rights is unconstitutional and unenforceable; (c) a judgment declaring that the policy of requiring employees in the bargaining unit to be members of the Union as a condition of employment is unconstitutional and unenforceable under the First Amendment; (d) a judgment declaring that the compulsory union dues policy put in place by Defendants is unconstitutional under the First Amendment, insofar as it authorizes UPR and the Union to deduct and collect union dues from employees' wages as a condition of employment; (e) a judgment that Defendants committed breach of contract by deducting and collecting union dues from Plaintiffs and other employees without obtaining their consent; (f) a judgment that Defendants are in violation of Puerto Rico law by carrying out dues deductions from employees' wages without prior written authorization; (g) injunctive relief against any form of compulsory membership requirement as a condition of employment; (h) injunctive relief against any further collection or acceptance of union dues that violate Plaintiffs' and class members' First Amendment rights; (i) nominal damages for the violation of Plaintiffs' and class members' First and Fourteenth Amendment rights; (j) compensatory damages and/or

restitution for the full amount of union dues unconstitutionally seized from Plaintiffs' and class members' wages, plus applicable interest; and (k) reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1920, and Federal Rule of Civil Procedure 54(d).

## JURISDICTION AND VENUE

9.     This is an action that arises under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights, privileges and immunities secured to Plaintiffs and all class members by the Constitution of the United States, particularly the First and Fourteenth Amendments.

10.     The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

11.     This action is an actual controversy in which Plaintiffs Ramos and Méndez seek a declaration of their rights under the Constitution of the United States. Pursuant to 28 U.S.C. §§ 2201-2202, this Court may declare Plaintiffs' rights and grant further necessary and proper relief based thereon, including injunctive relief pursuant to Federal Rule of Civil Procedure 65.

12.     The Court also has supplemental jurisdiction over all claims arising under the laws and the Constitution of Puerto Rico pursuant to 28 U.S.C. § 1367. Ramos and Méndez request this Court to take supplemental jurisdiction over 3 *P.R. Laws Ann.* 702(a) and over their state law breach of contract claim for replevin and restitution, and any other legal or equitable cause of action that offers refund or restitution of their personal property that was unlawfully seized or received by or on behalf of UPR and the Union as a result of their breach.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the claims arise in this judicial district and Defendants operate and do business in this judicial district.

## PARTIES

14.     Plaintiffs Ramos and Méndez reside and work in Cayey, Puerto Rico.

15.     Defendant Jorge Haddock is sued in his official capacity as President of the University of Puerto Rico, which is a public university system with multiple campuses, including one in Cayey, Puerto Rico. His address is Jardín Botánico Sur, 1187 Flamboyán Street, San Juan, PR 00926-1117. As UPR president, Defendant Haddock is responsible for deducting dues from Plaintiffs and remitting them to the Union.

16.     Defendant Sindicato de Trabajadores de la Universidad de Puerto Rico ("the Union"), whose office is located at 1006 Vallejo Street, San Juan, PR 00925 is a public sector labor union accredited by the Puerto Rico Secretary of Labor and Human Resources within the meaning of 3 *P.R. Laws Ann.* 702(a). The Union is the exclusive representative for collective bargaining purposes of thousands of public sector employees throughout the University of Puerto Rico system. The Union and UPR entered into a collective bargaining agreement, which terms are enforced on bargaining unit members, including Plaintiffs and the class members they seek to represent.

## FACTUAL ALLEGATIONS

17.     Since 1996, Ramos has been employed as a maintenance worker by the University of Puerto Rico to work at its Cayey Campus. Ramos is an "employee" within the meaning of 3 *P.R. Laws Ann.* 702(a).

18.     Since 1997, Méndez has been employed as a maintenance worker by the University of Puerto Rico to work at its Cayey Campus. Méndez is an "employee" within the meaning of 3 *P.R. Laws Ann.* 702(a).

19.     At all relevant times, Ramos and Méndez have been subject to the exclusive representation of the Union and subject to the CBA between the Union and UPR.

20.     Under color of state law, 3 *P.R. Laws Ann.* 702(a), employers are authorized to deduct any sum of money from the salary, earnings or income of an employee for the payment of dues to a labor organization when employees authorize such deductions.

21.     Under color of state law, 3 *P.R. Laws Ann.* 702(d), employers are permitted to pay and deliver or to agree to pay or delivery money to employee representatives, and employee representatives are permitted to receive or accept or to agree to receive or accept money from an employer "the amount of the deductions authorized by the employees…".

22.     UPR pays the wages of its employees, including Plaintiffs and class members, withholds money from those employees' wages, and pays a portion of those wages to the Union.

23.     Acting under color of state law, UPR and the Union have negotiated and entered into a series of collective bargaining agreements. On or about December 23, 2014, UPR and the Union entered into a CBA entitled "*Reglas y Condiciones de Trabajo Suplementarias a la Reglamentación Vigente para el Personal de Mantenimiento, Construcción y Servicio Agrícola de la Universidad de Puerto Rico*" (Relevant portions of the CBA are attached and incorporated herein as Exhibit 1).

24.     Ramos' and Méndez's job positions as maintenance workers are included within the bargaining unit defined by Article 1.A. of the CBA.

25.     Article 1.D. of the CBA states that bargaining unit employees who became members of the Union prior to the CBA's signing, shall continue to be members of the Union.

26.     Article 1.E. of the CBA states that all individuals who become bargaining unit employees at any point after the CBA's signing shall have union dues deducted from their wages within 31 days from the time they begin work. Once the first dues deductions take place 31 days from the time they begin work, these employees shall become members of the Union.

27.     Article 55.A. of the CBA states that UPR shall initiate dues deductions from new bargaining unit members' wages during the pay period immediately following receipt of the employees' authorization.

28.     From the time they began their employment at the University of Puerto Rico, through the present, UPR has deducted union dues from Plaintiffs' wages and remitted those dues to the Union, pursuant to the CBA.

29.     From the time union dues began being deducted from Plaintiffs' wages, UPR and the Union have regarded Ramos and Méndez as members of the Union.

30.     Neither Ramos nor Méndez have ever signed a membership form agreeing to membership in the Union.

31.     Neither Ramos nor Méndez have ever signed any dues deduction form authorizing the deduction of union dues from their wages.

32.     On July 3, 2018, Ramos and Méndez separately notified the Union, in writing, of their resignation as members of the Union and that they did not consent to any further deductions of union dues from their wages. The Union ignored their demands.

33.     On March 20, 2020, Ramos and Méndez separately renewed their demands by writing to both UPR and the Union. In their letters, Ramos and Méndez provided notice of their resignation as members of the Union and demanded the immediate cessation of dues deductions from their wages. The Union and UPR again ignored their demands.

34.     In defiance of Plaintiffs' demands, UPR and the Union have continued deducting and collecting union dues from Plaintiffs' wages, pursuant to the CBA.

35.     The Union has never informed Plaintiffs nor class members that they have a First Amendment right not to be members of the union or to subsidize the union and its speech.

## CLASS ACTION ALLEGATIONS

36.    Plaintiffs Ramos and Méndez bring this case as a class action pursuant to Federal Rules of Civil Procedure 23(b)(1)(A) and (b)(2), and, alternatively, 23(b)(3), for themselves and for all others similarly situated, and any subclasses deemed appropriate by this Court, as described in the following classes.

37.    Plaintiffs Ramos and Méndez are the class representatives of the "Resignation Class", which consists of individuals: (a) who are University or Puerto Rico employees exclusively represented by the Union for purposes of collective bargaining, (b) who resigned their union membership, and (c) who are still considered members of the Union in spite of such resignation notice. The class includes everyone who comes within the class definition at any time from the time of resignation from union membership.

38.    Plaintiffs Ramos and Méndez are the class representatives of the "Forced Dues Class", which consists of individuals: (a) who are University of Puerto Rico employees exclusively represented by the Union for purposes of collective bargaining, (b) who communicated their non-consent to the deduction of union dues, and (c) who had or are still having union dues deducted from their wages in spite of such non-consent notice. The class includes everyone who comes within the class definition at any time from the time of the notice of non-consent to the deduction of dues.

39.    Plaintiffs Ramos and Méndez are the class representatives of the "Forced Unionization Class", which consists of (a) University of Puerto Rico employees exclusively represented by the Union for purposes of collective bargaining who are subject or become subject to both the compulsory union membership and compulsory union dues policies, and (b) who presently have or have had union dues deducted from their wages without their prior

authorization.

40.    Upon information and belief, there are thousands of class members in each of the classes described above. Their number is so numerous that joinder is impractical. The precise number of class members is unknown to Ramos or Méndez, but it is clear that the number greatly exceeds the number to make joinder feasible.

41.    There are questions of law and fact common to all Resignation, Forced Dues, and Forced Unionization class members. Factually, all have had union dues deducted from their wages and are or were subject to the same compulsory union membership and dues policies. For Ramos, Méndez, and Resignation class members, the dispositive legal question is whether the maintenance of their union membership subsequent to their resignation violates their rights under the First Amendment. For Ramos, Méndez, and Forced Dues class members, the dispositive legal question is whether the deduction and collection of union dues from employees' wages subsequent to their non-consent notices to dues deductions violates their rights under the First Amendment. For Ramos, Méndez, and Forced Unionization class members, the dispositive legal question is whether Defendants' maintenance and enforcement of both the compulsory union membership and compulsory union dues policies violate the First Amendment.

42.    Ramos' and Méndez's claims and defenses are typical of the Resignation class members' claims because Defendants have required and are requiring union membership as a condition of employment as to Ramos, Méndez, and Resignation class members in violation of their First Amendment right to not to associate with a labor union.

43.    Ramos' and Méndez's claims and defenses are typical of the Forced Dues class members' claims because Defendants have seized and collected or are currently seizing and collecting dues from Ramos, Méndez, and Forced Dues class members in violation of their First

Amendment right to not subsidize union activity without their affirmative consent and known waiver of that First Amendment right, as recognized by the U.S. Supreme Court in *Janus v. AFSCME* on June 27, 2018.

44.    Ramos' and Méndez's claims and defenses are typical of the Forced Unionization class members' claims because they concern whether the compulsory membership and forced dues policies unlawfully restrict employees' First Amendment rights.

45.    Plaintiffs Ramos and Méndez can fairly and adequately represent the interests of all three classes and have no conflict with other, similarly situated class members. Ramos and Méndez have no interest antagonistic to others who have been subjected by Defendants to the aforementioned compulsory membership and union dues schemes.

46.    Plaintiffs' counsel has considerable experience handling class actions and the types of claims asserted in the instant complaint. Moreover, Plaintiff Ramos' and Méndez's counsel is knowledgeable in the applicable law and possesses the necessary resources for committing to representing the classes.

47.    The Resignation Class identified above can be maintained under Federal Rule of Civil Procedure 23(b)(1)(A) because Defendants' duty to end the compulsory union membership policy applies equally to Ramos, Méndez, and class members, and the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendants.

48.    The Resignation Class can be maintained under Federal Rule of Civil Procedure 23(b)(1)(B) because an adjudication determining the constitutionality of the compulsory union membership requirement in the aforementioned circumstances as to one of the class members, as a practical matter, will be dispositive of the interests of all class members or would substantially

impair or impede the other class members' ability to protect their interests.

49. The Resignation Class can be maintained under Federal Rule of Civil Procedure 23(b)(2) because Defendants have acted to deprive Ramos, Méndez, and class members of their constitutional rights on grounds generally applicable to all, thereby making declaratory, injunctive, and other equitable relief appropriate with regard to the class as a whole.

50. Alternatively, the Resignation Class can be maintained under Federal Rule of Civil Procedure 23(b)(3) because questions of law or fact common to the members of the class predominate over any questions affecting only individual members, in that the important and controlling questions of law or fact are common to all class members, i.e., whether the aforementioned maintenance of membership requirement violates their First Amendment rights.

51. The Forced Dues Class identified above can be maintained under Federal Rule of Civil Procedure 23(b)(1)(A) because Defendants' duty to cease the union dues deductions and collections applies equally to Ramos, Méndez, and class members, and the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendants.

52. The Forced Dues Class can be maintained under Federal Rule of Civil Procedure 23(b)(1)(B) because an adjudication determining the constitutionality of union dues deductions in the aforementioned circumstances as to one of the class members, as a practical matter, will be dispositive of the interests of all class members or would substantially impair or impede the other class members' ability to protect their interests.

53. The Forced Dues Class can be maintained under Federal Rule of Civil Procedure 23(b)(2) because Defendants have acted to deprive Ramos, Méndez, and class members of their constitutional rights on grounds generally applicable to all, thereby making declaratory,

injunctive, and other equitable relief appropriate with regard to the class as a whole.

54. Alternatively, the Forced Dues Class can be maintained under Federal Rule of Civil Procedure 23(b)(3) because questions of law or fact common to the members of the class predominate over any questions affecting only individual members, in that the important and controlling questions of law or fact are common to all class members, i.e., whether the aforementioned dues deductions violate their First Amendment rights.

55. The Forced Unionization Class can be maintained under Federal Rule of Civil Procedure 23(b)(1)(A) because separate class actions by Forced Unionization class members could risk inconsistent adjudications that would establish incompatible standards of conduct for Defendants.

56. The Forced Unionization Class can be maintained under Federal Rule of Civil Procedure 23(b)(1)(B) because an adjudication determining the constitutionality of Defendants' maintenance of the compulsory membership and union dues policies will, as a practical matter, be dispositive of the interests of all Forced Unionization class members or substantially impair or impede their ability to exercise their First Amendment rights.

57. The Forced Unionization Class can be maintained under Federal Rule of Civil Procedure 23(b)(2) because by maintaining and enforcing the compulsory membership and union dues policies, Defendants have acted or refused to act on grounds that apply generally to members of the Forced Unionization Class, so that final injunctive or declaratory relief is appropriate for the Forced Unionization Class as a whole.

58. The class action is superior to other available methods for the fair and efficient adjudication of the controversy, inasmuch as the individual respective class members are deprived of the same rights by Defendants' actions, differing only in the amount of money deducted. This

fact is known to Defendants and easily calculated from Defendants' business records. The limited amount of money involved in the case of each individual's claim would make it burdensome for the respective class members to maintain separate actions.

## CAUSES OF ACTION

59. Plaintiffs Ramos and Méndez re-allege and incorporate by reference the paragraphs set forth above in this Complaint.

60. Under Puerto Rico law:

> "The employees of the Executive Branch of the Government of the Commonwealth of Puerto Rico, including all its agencies, public corporations and instrumentalities…who in the exercise of their constitutional rights organize themselves into a bona fide group of public servants…as may be accredited by the Secretary of Labor and Human Resources, may authorize the head of the department, agency or public instrumentality where they work to deduct from their salary the necessary amounts for the fees … that said employees are bound to pay as members of said group of public servants. Every head of a department, agency or public instrumentality subject to the provisions of this chapter shall include in the payroll, separately itemized, the amounts of the authorized deductions to be made from the salaries of the employees who authorize it in writing."

> 3 *P.R. Laws Ann.* § 702(a).

Defendants are acting under color of state law, 3 *P.R. Laws Ann.* § 702(a), by maintaining and enforcing the compulsory membership and dues deduction policies and by deducting/collecting union dues from public employees who have notified the Union and/or their employer that they do not consent to any deductions.

61. Ramos and Méndez are suing Defendants under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201 on behalf of themselves and the requested classes.

## COUNT I

**(Compulsory union membership requirements without Plaintiffs' and Resignation class members' consent violate 42 U.S.C. § 1983 and the First and Fourteenth Amendments)**

62. The First and Fourteenth Amendments to the United States Constitution guarantee

Plaintiffs' and class members' freedoms of speech, association, self-organization, assembly, petition, belief, thought, and conscience.

63. The compulsory union membership policy found in Articles 1.D. and 1.E. of the CBA restrains Plaintiffs' and class members' exercise of First Amendment freedoms, and violates the U.S. Constitution because it compels employees, as a condition of employment, to associate with a union against their will.

64. Defendants' continued enforcement of the CBA's maintenance of membership requirement in spite of the union membership resignation notices violates Ramos', Méndez's, and Resignation class members' First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.SC. § 1983.

65. Under 42 U.S.C. § 1983, Ramos, Méndez, and all class members are entitled to have the enforcement of CBA Sections 1.D. and 1.E. declared unconstitutional for, in contravention of their First Amendment rights, allowing the imposition of Defendants' compulsory union membership policy.

66. There is no compelling state interest justifying the requirement that individuals become or remain members of a private labor organization or submit to the internal rules of such organization after exercising their First Amendment freedoms not to associate with the organization.

67. To the extent there is any compelling state interest in the requirement that individuals become or remain members of a private labor organization, or submit to the internal rules of such organization after exercising their First Amendment freedoms not to associate with the organization, such interests may be achieved through means significantly less restrictive of

Plaintiffs' constitutional rights.

68.     Plaintiffs Ramos, Méndez, and Resignation class members are suffering the irreparable harm and injury inherent in a violation of First Amendment rights, for which there is no adequate remedy at law, as a result of being subjected to Defendants' compulsory union membership policy and continued maintenance of membership requirement without their consent.

## COUNT II

**(Dues deductions without Plaintiffs' and Forced Dues class members' consent and waiver of First Amendment rights violate 42 U.S.C. § 1983 and the First and Fourteenth Amendments)**

69.     Defendants' maintenance and enforcement of the compulsory union dues policy resulting in the deduction of dues from the wages of Ramos, Méndez, and Resignation class members without the affirmative authorization and knowing waiver of First Amendment rights violates Ramos', Méndez's, and class members' First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

70.     Furthermore, Defendants' continued deduction and collection of union dues in spite of the notices of non-consent to such deductions violates Ramos', Méndez's, and Resignation class members' First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.SC. § 1983.

71.     The compulsory union dues policy is enforced by the UPR that, in coordination with the Union and at its behest, deducts union dues from employees' wages and remits those monies to the Union pursuant to the terms of the CBA. UPR and the Union have failed and refused to terminate the compulsory union dues policy after Plaintiffs' demands to have such deductions

ceased. Unless enjoined from so doing, the Union and UPR will continue to deduct and collect union dues from employees in spite of their objections.

72.     Under 42 U.S.C. § 1983, Ramos, Méndez, and all class members are entitled to have the enforcement of CBA Sections 1.E. and 55.A. declared unconstitutional for, in contravention of their First Amendment rights, allowing the imposition of Defendants' compulsory union dues policy as a condition of employment and the resulting deduction of dues from employees who do not affirmatively consent to such deductions.

73.     The U.S. Supreme Court held that under the First Amendment, "[n]either an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such payment, unless the employee affirmatively consents to pay." *Janus v. AFSCME, Council 31*, 138 S.Ct. at 2486.

74.     The U.S. Supreme Court in *Janus* further held that an individual's consent to pay union dues requires a waiver of First Amendment rights. *Id.* In order to be effective, a waiver of First Amendment rights must be knowingly, clearly and voluntarily made.

75.     Defendants did not obtain from Ramos, Méndez or Resignation class members a valid waiver of their First Amendment rights under *Janus* prior to the deduction of dues because, among other reasons, Defendants did not inform employees of their First Amendment rights not to financially support an exclusive representative.

76.     Plaintiffs Ramos, Méndez, and Resignation class members are suffering the irreparable harm and injury inherent in a violation of First Amendment rights, for which there is no adequate remedy at law, as a result of being subjected to Defendants' compulsory union dues policy and continued deductions of union dues without their consent.

**COUNT III**

**(Defendants' compulsory union membership and compulsory union dues policies deprive Plaintiffs, Resignation Class members, Forced Dues Class members, and Forced Unionization Class members of their First Amendment Rights)**

77.     Defendants' compulsory union membership and compulsory union dues policies prohibits or prohibited Ramos, Méndez, Resignation class members, and Forced Dues class members from exercising their First Amendment rights under *Janus* to not subsidize a labor union and its speech and to not associate with the Union as members.

78.     UPR and the Union, in reliance upon 3 *P.R. Laws Ann.* 702(a) and the CBA, violated and continue to violate Plaintiffs' and all class members' First Amendment rights by requiring them to be members of the Union and to subsidize it as a condition of employment.

79.     Defendants' maintenance and enforcement of their compulsory union membership and compulsory union dues policies deprives Ramos, Méndez, and all class members of their First Amendment rights to free speech and association, as secured against infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

## COUNT IV

**(Defendants committed breach of contract by deducting and collecting union dues from Plaintiffs and Forced Unionization Class members without first obtaining their consent)**

80.     As part of Ramos' and Méndez's employments within the bargaining unit represented by the Union, Ramos and Méndez earn lawful wages from UPR.

81.     Defendants entered into a collective bargaining agreement effective from December 23, 2014 through June 30, 2017. Upon information or belief, such collective bargaining agreement remains in effect.

82.     By agreeing to this contract, Defendants intended to benefit Plaintiffs and Forced Unionization class members as third-party beneficiaries.

83.     Article 55.A. of the collective bargaining agreement states that dues deductions from new union members' wages shall commence on the pay period immediately following receipt of the employee's authorization.

84.     Limiting payroll deductions by UPR to only those signed and authorized by the employee is a benefit to employees Ramos and Méndez to protect their rights.

85.     Although neither Plaintiffs nor Forced Unionization Class members consented to the transfer of their wages to the Union, it unlawfully and without consent received, directly or indirectly, the seized personal property of Plaintiffs and Forced Unionization class members, and used these unauthorized deductions from their wages for the Union's own uses and purposes.

86.     Defendants have committed breach of contract by appropriating Plaintiffs' and Forced Unionization Class members' wages without securing their affirmative, written, and freely given consent in a signed payroll deduction card, as mandated by Article 55.A. of the CBA. As a result of this breach of contract, Plaintiffs and Forced Unionization class members are entitled to the return of, or damages for, the unlawful seizure of personal property by the unlawful deduction of union dues from their wages without their consent within the appropriate 15-year statute of limitation period set forth in 31 *P.R. Laws Ann.* 5294.

87.     As a result of Defendants' breach, Plaintiffs and Forced Unionization class members have sustained damages equal to the sum amount of money deducted from their wages without their signature and authorization.

88.     This Court has original jurisdiction over Counts I, II and III raising violations of the First and Fourteenth Amendments under 42 U.S.C. § 1983.

89.     The state law claims of Count IV are related to the claims of Count I, II and III, and arise out and from part of the same case or controversy so that the Court should take supplemental jurisdiction over the state law claims of Count IV, pursuant to 28. U.S.C. § 1367.

## COUNT V

**(Defendants violate Puerto Rico law by deducting and collecting union dues from Plaintiffs without securing their written consent)**

90.     Pursuant to 3 *P.R. Laws Ann.* § 702(a) UPR "shall include in the payroll, separately itemized, the amounts of the authorized deductions to be made from the salaries of employees who authorize it in writing."

91.     Plaintiffs have never signed any dues deduction authorization nor have otherwise furnished any other type of written consent to union dues deductions.

92.     By failing to obtain a written authorization for deductions, Defendants have been and are currently in violation of Puerto Rico law, 3 *P.R. Laws Ann.* § 702(a), by carrying out deductions without the written authorization of Plaintiffs.

93.     This Court has original jurisdiction over Counts I, II and III raising violations of the First and Fourteenth Amendments under 42 U.S.C. § 1983.

94.     The state law claims of Count V are related to the claims of Count I, II, and III arise out and from part of the same case or controversy so that the Court should take supplemental jurisdiction over the state law claims of Count V, pursuant to 28. U.S.C. § 1367.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs Ramos and Méndez request that this Court:

**A.     Class Action:** Enter an order, as soon as practicable, certifying this case as a class action, certifying the classes as defined in the complaint, certifying Plaintiffs Ramos and Méndez as class representatives of the three classes, and appointing Plaintiffs' counsel as class counsel for

the classes.

**B.    Declaratory Judgment:** (i) Enter a declaratory judgment that Defendants are violating Plaintiffs' and Resignation class members' First Amendment rights as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, by requiring union membership from employees who do not consent to such membership or who notify the union that they no longer consent to being members of the Union; (ii) Enter a declaratory judgment that Defendants are violating Plaintiffs' and Forced Dues class members' First Amendment rights as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, by collecting and deducting union dues from employees who do not consent to paying union dues or who notify the union that they no longer consent to paying union dues; (iii) Enter a declaratory judgment that CBA sections 1.D. and 1.E. are unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, insofar as they authorize UPR and the Union to compel Plaintiffs and Forced Unionization class members to maintain union membership as a condition of employment, and unenforceable against Ramos, Méndez, and all class members; (iv) Enter a declaratory judgment that the CBA's compulsory union dues policy put in place by Defendants is unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, insofar as it authorizes UPR and the Union to compel Plaintiffs and Forced Unionization class members to subsidize a labor union as a condition of employment, and unenforceable against Ramos, Méndez, and all class members; (v) Enter a declaratory judgment that Defendants committed breach of contract by deducting and collecting union dues from Plaintiff without obtaining their consent; and (vi) Enter a declaratory judgment that Defendants are in violation of 3 *P.R. Laws Ann.* § 702(a) by carrying out dues deductions from Plaintiffs' and Forced Unionization class

members' wages without their written authorization.

**C.     Injunctive Relief:** (i) Permanently enjoin Defendants from not honoring Plaintiffs' and Resignation class members' requests to resign their union membership; (ii) Permanently enjoin UPR and the Union from carrying out dues deductions —pursuant to the compulsory union dues policies— from Plaintiffs' and Forced Dues class members' paychecks; and (iii) Permanently enjoin Defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from maintaining and enforcing compulsory union membership and compulsory union dues policies.

**D.     Damages:** (i) Enter a judgment awarding Ramos, Méndez, Forced Unionization class members, and Forced Dues class members compensatory damages, refunds or restitution in the amount of union dues illegally deducted or required to be paid, directly or indirectly, to the Union from their wages without their affirmative and knowing consent or signed authorization, plus applicable interest; (ii) Order the Union to reimburse Plaintiffs and Forced Unionization class members the amount of money equal to the unlawfully and improperly withheld union dues deducted and collected within the appropriate 15-year statute of limitations period for breach of contract, as well as the amount of money withheld subsequent to Plaintiffs' notice of non-consent to union dues or notification that they no longer consent to dues deductions, within the appropriate 1-year statute of limitations period pursuant to 42 U.S.C. § 1983, plus applicable interest; (iii) Enter a judgment awarding Plaintiffs and Forced Unionization class members compensatory damages equal to the amount of dues deducted without their written authorization in violation of 3 *P.R. Laws Ann.* § 702(a), plus applicable interest; and (iv) Enter a judgment awarding nominal damages to Ramos, Méndez and all class members.

**E.     Costs and Attorneys' Fees**: Award Plaintiffs Ramos, Méndez, and all class

members their costs and reasonable attorneys' fees pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988.

      **F.**    **Other Relief:** (i) Require UPR and the Union to provide Plaintiffs Ramos, Méndez, and all class members with written notice that the compulsory union membership and union dues policies are unconstitutional, a breach of contract, a violation of 3 *P.R. Laws Ann.* § 702(a), and are unenforceable, and that they can exercise their First Amendment right to refrain from union membership and subsidization without their consent, at any time; and (ii) Grant other and additional relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

Dated:  May 18, 2020

**s/ÁNGEL J. VALENCIA-GATELL**
Ángel J. Valencia-Gatell
USDC- PR 300009
ajv@nrtw.org
c/o National Right to Work
Legal Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia 22160
Telephone: (703) 321-8510
Fax: (703) 321-9319

Milton L. Chappell (*pro hac vice* to be filed)
District of Columbia Bar No. 936153
mlc@nrtw.org

Attorneys for Plaintiffs and the Classes They Seek to Represent.